# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

_____ )
                                        )
TEAMSTERS PENSION TRUST                 )
FUND OF PHILADELPHIA & VICINITY,        )
through its Administrator,               )          Hon. Harold A. Ackerman
WILLIAM EINHORN                         )
                      Plaintiffs,        )          Civil Action No. 02-5509
                                        )
         v.                             )          **OPINION & ORDER**
                                        )
                                        )
A-P-A TRANSPORTATION                    )
CORPORATION, A-P-A TRUCK                 )
LEASING CORPORATION, MERLIN             )
DEVELOPMENT CORPORATION,                )
VALKYRIE AIR CORPORATION,               )
REMUS REALTY CORPORATION,               )
PALATINE REALTY CORPORATION,            )
INDIA CLIFF DEVELOPMENT                 )
CORPORATION, CLIFF TOP INC.,            )
A-P-A WORLD TRANSPORT                   )
CORPORATION, IMPERATORE                 )
NURSURIES CORPORATION, IMPER            )
REALTY LLC, AEI ORANGE REALTY           )
CORPORATION, HADRIAN                    )
PROPERTIES, LLC, GALAXY LTD.,           )
INDIA QUARRY LLC, APA YACHT             )
CHARTER CORPORATION, APA                )
INSURANCE SERVICES                      )
CORPORATION, APA                        )
INTERNATIONAL CORPORATION,              )
ARCORP PROPERTIES INC.,                 )
IMPERIAL DELIVERY SERVICE               )
CORPORATION, DRY DOCK                   )
RESTAURANT CORPORATION,                 )
ROMULUS DEVELOPMENT                     )
CORPORATION, TRANSPORT                  )
FLEXONOMICS INC., IMPER REALTY          )
PARTNERSHIP, PORT IMPERIAL              )
CORPORATION, PORT IMPERIAL              )

1

FERRY CORPORATION, PIER 79          )
CORPORATION, APA EUROPE            )
TRANSPORT B.V., APA WORLD          )
TRANSPORT CORP., AUTHUREX          )
REALTY CORP., SANBORN'S            )
MOTOR EXPRESS LTD., O'DONNELLS     )
EXPRESS LTD., SANBORN'S MOTOR      )
EXPRESS QUEBEC INC., PORT          )
IMPERIAL SUNDRY CORPORATION II,    )
                                   )
              Defendants.          )
_____)


Paul A. Friedman, Esq.
Epstein Becker & Green, PC
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
*Attorneys for Plaintiff*

Keith McMurdy, Esq.
Fox Rothschild LLP
100 Park Avenue, Suite 1500
New York, New York 10017
*Attorneys for Defendant A-PA Transportation Corporation*


**<u>Ackerman,</u> Senior District Judge:**

This matter comes before the Court on Plaintiff's motion to enforce settlement (Doc. No. 37).  For the following reasons, Plaintiff's motion will be denied.


*Background*

This motion arises from a dispute over attorneys' fees relating to an alleged settlement agreement reached between the parties.  In 2002, Plaintiff filed a one-count Complaint for collection of withdrawal liability pursuant to the Multi-Employer Pension Plan Amendments Act

2

of 1980, 29 U.S.C. § 1381, *et seq.*, which amended the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*  On March 3, 2005, this Court granted summary judgment in part in favor of Plaintiff.  The Court ordered Plaintiff to "file with the Court and serve upon Defendants an affidavit of legal services and expenses associated with this case within 20 days of the entry of this Opinion and Order."  *Teamsters Pension v. A-P-A Trans. Corp.*, No. 02-5509, Opinion and Order (D.N.J. Mar. 3, 2005) ("March 3, 2005 Opinion").  Plaintiff did not file an affidavit with the Court within the time prescribed.

Over the ensuing weeks after the March 3, 2005 Opinion, the parties discussed and reached a settlement.  On August 16, 2005, this Court entered an Order dismissing the action. Since this dismissal, Defendant A-P-A Transportation Corporation ("A-P-A") paid $4,162,631.01 to Plaintiff, pursuant to the settlement agreement.  However, Plaintiff alleges that it is owed an additional $99,096.74 in attorneys' fees, which Defendants have not paid.  A-P-A argues that, while it originally agreed in principle to work towards a resolution of Plaintiff's attorneys' fees, the parties never agreed on a final figure.  Plaintiff now moves for the enforcement of its alleged settlement agreement to reimburse $99,096.74 in attorneys' fees.

### *Analysis*

State law governs the enforcement of settlement agreements in federal court.  *Moss v. McDonald's Corp.*, No. 03-500, 2006 U.S. Dist. LEXIS 13936, at *11 (D.N.J. Mar. 13, 2006) (internal quotation omitted).  "A settlement agreement between parties to a lawsuit is a contract." *Nolan v. Lee Ho*, 120 N.J. 465, 472 (1990).  "Before a settlement agreement may be enforced, however, there must be an agreement to the essential terms of the agreement."  *Mosley v. Femina*

*Fashions, Inc.*, 356 N.J. Super. 118, 126 (App. Div. 2002).  Contract law principles provide that "a contract arises from the manifest intentions of the parties to engage in an offer and acceptance of sufficiently definite essential terms."  *Excelsior Ins. Co. v. Pennsbury Pain Center*, 975 F. Supp. 342, 349 (D.N.J. 1996).  "[W]hether a settlement agreement was ever formed . . . places the burden on the party seeking a finding that a settlement agreement was formed."  *JM Agency, Inc. v. NAS Fin. Services, Inc.*, No. 1541-05, 2007 WL 2215393, at *2 (N.J. App. Div. Aug. 3, 2007).

In the instant matter, Plaintiff has failed to carry its burden to show that Defendants agreed to pay $99,096.74 in attorneys' fees.  Plaintiff alleges that the parties agreed to a "draft Settlement Agreement that was sent to the Pension Fund by the Defendants on or about April 8, 2005" and that the parties agreed to a "revised proposed Settlement Agreement" that included $99,096.74 in attorneys' fees.  (Pl.'s Br. at 3.)  However, Plaintiff has failed to produce evidence of these draft agreements.  The only document supporting Plaintiff's assertion is a letter sent by Plaintiff to A-P-A on April 26, 2005 requesting that $99,096.74 be sent to Plaintiff for reimbursement of attorneys' fees.  (*See* Friedman Cert., Ex. B.)  However, this letter, recited and signed by Plaintiff alone, does not demonstrate an offer and acceptance sufficient to constitute a settlement.

Furthermore, even if Plaintiff relied solely on this Court's March 3, 2005 Opinion to obtain reimbursement of attorneys' fees, Plaintiff is not entitled to $99,096.74.  The March 3, 2005 Opinion expressly required that Plaintiff provide the Defendants and the Court with appropriate proof of Plaintiff's attorneys' fees within 20 days of that Opinion.  Plaintiff did not comply.

4

There is no adequate grounds upon which to enforce Plaintiff's request for $99,096.74 in attorneys' fees.  The Court will deny Plaintiff's motion to enforce settlement as to those fees.

### Conclusion & Order

For the aforementioned reasons, Plaintiff's motion to enforce settlement (Doc. No. 37) is DENIED.

Newark, New Jersey
Date: March 26, 2008

/s Harold A. Ackerman, U.S.D.J.